UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AETNA INC. and AETNA HEALTH MANAGEMENT, LLC, <br><br>    Plaintiffs,<br><br>v.<br><br>INSYS THERAPEUTICS, INC. MICHAEL L. BABICH, ALEC BURLAKOFF, MICHAEL J. GURRY, RICHARD M. SIMON, SUNRISE LEE, JOSEPH A. ROWAN, STEVE FANTO, MAHMOOD AHMAD AND JOHN DOES 1-10<br><br>    Defendants. | NO. _____ |

## NOTICE OF REMOVAL

TO: The Judges of the United States District Court
   For the Eastern District of Pennsylvania

**PLEASE TAKE NOTICE** that Defendant, Insys Therapeutics, Inc., by and through its counsel, Gibbons P.C., and pursuant to 28 U.S.C. §§1441 and 1446, respectfully requests that this action, captioned *Aetna, Inc. and Aetna Health Management, LLC v. Insys Therapeutics, Inc., et al.*, Philadelphia Court of Common Pleas, June Term, 2017 No. 02779, be removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania on the grounds set forth below.

## BACKGROUND

1. Plaintiffs, Aetna Inc. and Aetna Health Management, LLC commenced this action in the Philadelphia Court of Common Pleas on or about June 23, 2017, by way of a Writ of Summons.

2. Thereafter, on September 18, 2017, Plaintiffs filed their Complaint, a copy of which is attached as Exhibit "A."

3. Plaintiffs' Complaint names Insys Therapeutics, Inc. ("Insys"), Michael L. Babich, Alec Burlakoff, Michael J. Gurry, Richard M. Simon, Sunrise Lee, Joseph A. Rowan, Steve Fanto, Mahmood Ahmad and John Doe entities as Defendants.

4. Insys was served with the Complaint on September 25, 2017. *See* Affidavit of Service, Exhibit "B."

5. Less than thirty (30) days have passed since Insys was served with the Complaint. Therefore, removal is timely pursuant to 28 U.S.C. §1446(b).

6. This Court has jurisdiction over this matter under 28 U.S.C. §1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. This Notice of Removal is being filed in the United States District Court for the Eastern District of Pennsylvania, the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§1446(a) and 1441(a).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFFS AND THE DEFENDANTS

8. Plaintiff, Aetna, Inc., is, and was at the time of the institution of this case, a Pennsylvania corporation with its principal place of business in Hartford, Connecticut. *See,* Complaint ¶ 11. Accordingly, for purposes of determining diversity of citizenship, Aetna, Inc. is a citizen of the Commonwealth of Pennsylvania and the State of Connecticut.

9. Plaintiff Aetna Health Management, LLC is alleged to be a Delaware limited liability company and a subsidiary of Aetna, Inc. *See,* Complaint ¶ 12.

10. However, publically available records disclose that Aetna Health Management, LLC is a subsidiary of non-party Aetna Health Holdings, LLC. *See* Aetna Inc. 2016 Form 10-K, attached as Exhibit "C" at Exhibit 21.1, page 1.

11. Aetna Health Holdings, LLC is, in turn, a subsidiary of Plaintiff, Aetna, Inc. *See* Aetna Inc. 2016 Form 10-K, attached as Exhibit "C" at Exhibit 21.1, page 1.[1]

12. The Third Circuit has explained that, for purposes of diversity jurisdiction, limited liability companies "should be treated as a partnership for purposes of establishing citizenship." *See Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010).

13. As with partnerships, the citizenship of a limited liability company is determined by the citizenship of its partners or members. *Id.*

14. When a limited liability company's members are comprised of other limited liability companies, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotation and citation omitted).

15. Applying this analysis, the citizenship of Plaintiff, Aetna Health Management, LLC, is determined by tracing through the layers of companies above it: Aetna Health Holdings, LLC and Aetna, Inc.

16. Accordingly, like Aetna, Inc., Plaintiff, Aetna Health Management, LLC, is a citizen of the Commonwealth of Pennsylvania and the State of Connecticut.

17. Insys is a Delaware Corporation with a principal place of business in the State of Arizona. *See,* Complaint ¶ 14.

---

[1] This Court is permitted to consider documents, such as Plaintiff's Form 10-K, in order to determine the existence of jurisdiction. *See Weaver v. Conrail*, 2010 U.S. Dist. LEXIS 69553 * 19 (E.D. Pa. July 13, 2010)("A limited look beyond the pleadings runs no risk of usurping jurisdiction over cases that properly belong in state court.")

3

18. Defendant, Michael L. Babich, is a citizen of the State of Arizona. *See,* Complaint ¶ 15.

19. Defendant, Alec Burlakoff, is a citizen of the State of North Carolina. *See,* Complaint ¶ 16.

20. Defendant, Michael J. Gurry, is a citizen of the State of Arizona. *See,* Complaint ¶ 17.

21. Defendant, Richard M. Simon, is a citizen of the State of California. *See,* Complaint ¶ 18.

22. Defendant, Sunrise Lee, is a citizen of the State of Michigan. *See,* Complaint ¶ 19.

23. Defendant, Joseph A. Rowen, is a citizen of the State of Florida. *See,* Complaint ¶ 20.

24. Defendant, Dr. Steve Fanto, is a citizen of the State of Arizona. *See,* Complaint ¶ 24.

25. Defendant, Dr. Mahmood Ahmad, is a citizen of the State of Alaska. *See,* Complaint ¶ 25.

26. Accordingly, Plaintiffs are citizens of the Commonwealth of Pennsylvania and the State of Connecticut, but none of the Defendants is a citizen of the Commonwealth of Pennsylvania or the State of Connecticut. Therefore, complete diversity of citizenship exists between Plaintiffs and Defendants.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

27. The amount in controversy requirement is clearly satisfied in this case.

28. In Plaintiffs' 328 paragraph, 72 page Complaint, Plaintiffs seek damages for alleged wrongdoing and misrepresentations in connection with the promotion of SUBSYS®, a fentanyl sublingual spray approved by the Food and Drug Administration for treatment of individuals with breakthrough cancer pain who are opioid tolerant. *See,* Complaint ¶¶ 32-41.

29. Based on these purported misrepresentations, Aetna contends that it authorized coverage and reimbursements for SUBSYS®, when such off-label use was otherwise unauthorized or non-reimbursable. *See generally* Complaint.

30. Plaintiffs allege that "[b]etween April 2012 until the present, Aetna paid tens of millions of dollars for inappropriate off-label prescriptions of Subsys..." *See,* Complaint ¶ 13.

31. In their seven (7) Count Complaint, Plaintiffs allege causes of action: under the Pennsylvania Insurance Fraud Statute, 18 Pa.C.S.A. § 4117(a)(2) and (a)(3) (Counts I-II); for Civil Conspiracy (Count III); Common Law Fraud (Count IV); Unjust Enrichment (Count V); Negligent Misrepresentation (Count VI); and Negligence (Count VII). *See generally* Complaint.

32. Plaintiffs seek treble damages under the Pennsylvania Insurance Fraud Statute, compensatory damages and punitive damages. *See,* Complaint, at Prayer For Relief, pp. 71-72.

33. The Court's determination of the amount in controversy is not measured "by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (*quoting Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

34. In applying the "legal certainty" test to assess the amount in controversy requirement, the Court of Appeals for the Third Circuit has stated that "dismissal is appropriate

only if the federal court is certain that the jurisdictional amount cannot be met." *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995); *see also Samuel Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) (recommending that District Court adhere to the "legal certainty" test).

35. Under any reasonable estimation of how a jury could value the items of damages alleged in the Complaint, Insys can demonstrate a "legal certainty" that the amount in controversy requirement has been satisfied for purposes of jurisdiction.

## THE PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

36. Insys was served in this case on September 25, 2015. Accordingly, this Notice of Removal is filed within thirty days of service upon Defendant and removal is timely. *See* 28 U.S.C. §1446(b).

37. Defendant has sought no similar relief.

38. All named and served Defendants consent to this Removal. *See* Consents to Removal of Michael J. Babich, Alec Burlakoff, Richard M. Simon, Sunrise Lee, Joseph A. Rowan and Steve Fanto, attached as Exhibit "D."

39. Based upon the Affidavit of Service attached hereto as Exhibit "B," Dr. Mahmood Ahmad and Michael J. Gurry have not been served. Accordingly, their consent to the instant notice of removal is not required.

40. Despite the fact that his consent is not required, Michael J. Gurry also consents to the notice of removal. Exhibit "D."

41. The United States District Court for the Eastern District of Pennsylvania embraces the county in which the state court action is now pending.

42. Insys is filing written notice of this Removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. §1446(d).

43. Copies of the Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. §1446(d).

44. Copies of the docket and pleadings below are attached as Exhibit "E."

45. If any question arises as to the propriety of the removal of this action, Insys requests the opportunity to undertake jurisdictional discovery, present a brief and request oral argument in support of removal.

46. By filing this Notice of Removal, Insys does not waive any defenses or rights. Insys and the joining co-defendants specifically reserve all defenses, objections and motions, including personal jurisdiction, submission of general jurisdiction to the Court, venue, insufficiency of process and insufficiency of service of process, and do not waive service.

**WHEREFORE**, Defendant, Insys Therapeutics, Inc., requests removal of this case to the United States District Court for the Eastern District of Pennsylvania, which is the District for the Philadelphia Court of Common Pleas in which said action is pending and prays that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing of Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia, shall effect the removal of said suit to the United States District Court for the Eastern District of Pennsylvania.

GIBBONS P.C

Dated: October 25, 2017

_____
Scott J. Etish
Stephen J. Finley
Gibbons P.C.
One Logan Square
130 N. 18th Street, Suite 1210
Philadelphia, PA  19103
215-665-0400
215-636-0366 (fax)
setish@gibbonslaw.com
sfinley@gibbonslaw.com
*Attorneys for Defendant*
*Insys Therapeutics, Inc.*

2571828.1  114002-96681

## CERTIFICATE OF SERVICE

I, Scott J. Etish, Esquire, certify that a Notice of Removal has been filed and served on the following counsel via electronic mail and U.S. First Class Mail, Postage Prepaid, on the 25th day of October, 2017.

Gerald Lawrence, Esquire
Lowey Dannenberg, P.C.
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
*Attorneys for Plaintiff*

James C. Crumlish, III, Esquire
John P. Elliot, Esquire
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
*Attorneys for Plaintiff*

Jeffrey S. Cianciulli, Esquire
Lauren N. Schwimmer, Esquire
Weir & Partners LLP
The Widener Building
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107
*Attorneys for Defendant Joseph A. Rowan*

Kraig J. Marton, Esquire
David N. Farren, Esquire
3200 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
*Attorneys for Defendant, Steve Fanto*

Michael J. Gurry
10870 E. Meadowhill Drive
Scottsdale, AZ 85255

Alec Burlakoff
6308 Creola Road
Charlotte, NC 28226

Richard M. Simon
1405 Electric Avenue
Seal Beach, CA 90740

Michael L. Babich
18391 N. 97th Place
Scottsdale, AZ 85255

Sunrise Lee
8608 Woodruff Drive SW
Byron Center, MI 49315

GIBBONS P.C.

Scott J. Etish
*Attorney for Defendant
Insys Therapeutics, Inc.*

2571828.1  114002-96681