IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AETNA INC. AND AETNA HEALTH MANAGEMENT, LLC,<br>  Plaintiffs,<br><br>v.<br><br>INSYS THERAPEUTICS, INC., *et al*.<br>  Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     CIVIL ACTION NO. 17-4812 |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                          January 12, 2018

Plaintiffs Aetna Inc. and Aetna Health Management, LLC filed suit in Pennsylvania state court against Defendant Insys Therapeutics, Inc. and several other defendants, alleging a conspiracy to defraud Plaintiffs into providing insurance coverage for prescriptions of Insys's drug product, Subsys®. Insys removed the case to this Court. Plaintiffs now move to remand on the grounds that one of the named defendants, Dr. Mahmood Ahmad, did not join or consent to the removal. Because Dr. Ahmad was not properly served before this action was removed, Plaintiffs' motion will be denied.

**I.     BACKGROUND**

Plaintiffs filed suit in the Philadelphia County Court of Common Pleas on September 18, 2017. Insys was served with a copy of the Complaint on September 25, 2017. On September 29, 2017, Plaintiffs filed an affidavit of service by mail pursuant to Pennsylvania Rule of Civil Procedure 403, stating that a copy of the Complaint was mailed to all named defendants but "Defendants Michael J. Gurry and Dr. Mahmood Ahmad have not yet received the aforesaid Complaint." Plaintiffs did not subsequently update the state court record with any other information concerning the service of the Complaint upon Dr. Ahmad. Before filing the Notice

of Removal, counsel for Insys attempted to contact Mr. Ahmad through his counsel in an unrelated matter to inquire whether Dr. Ahmad had been served and would consent to removal in this case but were unable to obtain a definitive response before the deadline for removal on October 25, 2017.[1] That day, Insys filed its Notice of Removal with written consent from each of the named defendants except Dr. Ahmad.

In moving to remand, Plaintiffs assert that Dr. Ahmad was properly served on October 10, 2017. According to a declaration from Plaintiffs' counsel, although Plaintiffs' initial attempt to serve Dr. Ahmad in Alaska had been unsuccessful, they subsequently mailed copies of the summons and Complaint via certified mail, restricted delivery, to Dr. Ahmad at two additional addresses in Little Rock and Sherwood, Arkansas.[2] While the mailing to Sherwood was not delivered, Plaintiffs received a return receipt for the mailing addressed to 17901 Chenal Pkwy in Little Rock, AR that was signed on October 10, 2017 by a person named Alexander Manning.[3]

Beside the signature block on the receipt, the box next to the word "agent" is checked:


[4]

---

[1] Declaration of Scott Etish (Doc. No. 24-1) ("Etish Decl.") at ¶¶ 3-4.

[2] Declaration of Christina McPhaul (Doc. No. 28) ("McPhaul Decl.") at ¶¶ 3-5.

[3] *Id*. at ¶¶ 6-7

[4] *Id*. at Ex. C.

Plaintiffs assert that the signed return receipt establishes that Mahmood Ahmad was properly served pursuant to Pennsylvania Rules of Civil Procedure on October 10, 2017, and that Insys's subsequent Notice of Removal was therefore defective. Insys contends, however, based on an email which appears to have been sent from Dr. Ahmad to Insys's counsel on November 17, 2017, that Mr. Ahmad never received service. According to the email, 17901 Chenal Pkwy was the location of a bank lockbox that Dr. Ahmad's medical practice previously used for receiving and depositing patient insurance payments but is no longer used or accessed since Dr. Ahmad moved to Pakistan and stopped practicing medicine in the United States.[5] Insys also attaches the results of a Google search result, showing that 17901 Chenal Pkwy is the location of the Bank of the Ozarks.[6]

**II.   ANALYSIS**

When, as here, a defendant removes a civil action pursuant to 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."[7] Upon a motion to remand filed within 30 days of removal, a district court can remand a case to the state court based on any defect in the removal procedure, including failure to obtain the consent of all defendants who were properly served.[8] The removing party—here, Insys— "bear[s] the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements."[9] However, even in the context of a motion to remand,

---

[5] Etish Decl. at Ex. C.

[6] *Id*. at Ex. D.

[7] 28 U.S.C. § 1446(b)(2)(A).

[8] 28 U.S.C. § 1447(c).

[9] *Dixon v. Allstate Ins. Co.*, No. 17-0532, 2017 U.S. Dist. LEXIS 45147, at *3 (E.D. Pa. Mar. 27, 2017) (quoting *Ramos v. Quien*, 631 F. Supp. 2d 601, 606 (E.D. Pa. 2008)); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

"proper service of a defendant is not presumed," and the party asserting the validity of service bears the burden of proof on that issue.[10]

To determine whether Plaintiffs properly served Dr. Ahmad, the Court looks to the Pennsylvania Rules of Civil Procedure governing service of process.[11] An out-of-state defendant may be served "by mail in the manner provided by Rule 403."[12] Rule 403 provides, in pertinent part, that a copy of the process shall be mailed to the defendant "by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail."[13] The Official Note to Rule 403 further states that "[t]he United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent" and that "Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery."[14]

Here, the parties disagree over whether Plaintiffs' mailing of process to 17901 Chenal Pkwy via certified mail, restricted delivery, is sufficient to establish service upon Dr. Ahmad in accordance with Rule 403, when the receipt was signed and returned by an unidentified person purporting to be Dr. Ahmad's "agent." Plaintiffs contend that the successful delivery of the summons and complaint via certified mail, restricted delivery, satisfies Rule 403, citing to the Official Note to Rule 403 and decisions within the Third Circuit in which courts found service

---

[10] *Hutton v. KDM Transp., Inc.*, No. 14-3264, 2014 WL 3353237, at *3 (E.D. Pa. July 9, 2014); *see also Aardvark Event Logistics, Inc. v. Bobcar Media, LLC*, No. 16-5873, 2016 U.S. Dist. LEXIS 176425, at *7 (E.D. Pa. Dec. 21, 2016).

[11] *Hutton*, 2014 WL 3353237, at *3 (citing 16 James Wm. Moore et al., *Moore's Federal Practice* ¶ 107.30[3][c] (3d ed. 2014)).

[12] Pa. R. Civ. P. 404(2).

[13] Pa. R. Civ. P. 403.

[14] Pa. R.C.P. 403, Official Note.

4

ineffective because Plaintiff's counsel failed to use restricted delivery.[15] Insys maintains that a signed return receipt, even for restricted delivery mail, is insufficient to establish service under Rule 403, citing decisions in which courts have required Plaintiffs to provide affirmative evidence that the individual signing the receipt was authorized not only to accept certified mail, but to "accept service of process" on behalf of the defendant.[16]

The Court finds the reasoning in *Ghost v. Victory Recovery Services* persuasive on this question.[17] There, the plaintiff attempted to serve process by "certified mail, return receipt, restricted delivery" to an out-of-state defendant at his "usual place of business," and the return receipt was signed by another person.[18] The plaintiff asserted, relying on the note to Pennsylvania Rule of Civil Procedure 403, that the U.S. Postal Service only permits restricted delivery to "the addressee or his authorized agent" and accordingly, the person who signed the receipt was necessarily the defendant's authorized agent.[19] The court rejected this rationale because it would mean that "any individual who signs a return receipt would, from the mere fact of signing, be a defendant's authorized agent."[20] Such a result would be inconsistent with decisions within the Third Circuit requiring plaintiffs to offer affirmative evidence concerning

---

[15] Reply (Doc. No. 27) at 3-4 (citing Pa. R. Civ. P. 403, Official Note; *Grant St. Group, Inc. v. D&T Ventures, LLC*., No. 10-1095, 2011 U.S. Dist. LEXIS 19835, at *7 (W.D. Pa. Mar. 1, 2011); *Myers v. Moore*, No. 12-0597, 2014 U.S. Dist. LEXIS 175975, at *19 (E.D. Pa. Dec. 22, 2014); *American Telecom, Inc. v. First Nat'l Commc'ns Network, Inc.*, No. 99-3795, 2000 U.S. Dist. LEXIS 7529, at *6 (E.D. Pa. June 2, 2000)).

[16] Surreply (Doc. No 30) at 2 (citing *Myers*, U.S. Dist. LEXIS 175975); *Aardvark Event Logistics, Inc. v. Bobcar Media, LLC*, No. 16-5873, 2016 U.S. Dist. LEXIS 176425 (E.D. Pa. Dec. 21, 2016); *Pearson v. Sonnett Trucking, Inc*., No. 09-5917, 2012 U.S. Dist. LEXIS 11363 (E.D. Pa. Jan. 30, 2012); *City of Philadelphia v. Berman*, 863 A.2d 156, 161 (Pa. Commw. Ct. 2004)).

[17] No. 14-215, 2014 U.S. Dist. LEXIS 54013 (E.D. Pa. Apr. 17, 2014).

[18] *Id*. at *5.

[19] *Id*. at *5-6.

[20] *Id*. at *6.

the relationship between the individual signing a return receipt and the defendant when the defendant himself did not sign the mailing receipt.[21]

Here, Plaintiffs' mailing was sent not to Dr. Ahmad's residence or regular place of business, but rather to a bank,[22] and Plaintiffs have not provided any reasonable basis for this Court to conclude that anyone at that location would have either actual authority to accept service of process on Dr. Ahmad's behalf or a relationship with Dr. Ahmad from which such authority could be inferred.[23] While Plaintiffs contend that the United States Postal Service's licensed vendor requests proof from recipients of certified restricted delivery mail "that they are the addressee or agent" before permitting them to sign for the package,[24] an authorization to accept mail does not establish authority to accept service. Plaintiffs have put forward no evidence from which the Court can reasonably infer that Mr. Manning was an agent for the purpose of accepting process,[25] and accordingly, have not met their burden of proving that service upon Mr. Ahmad was proper under these circumstances. Accordingly, because Insys obtained the consent of all parties who were properly served prior to filing its Notice of

---

[21] *Id*. (citing *Lampe v. Xouth, Inc*., 952 F.2d 697, 701(3d Cir. 1991); *Furin v. Reese Teleservices, Inc*., No. 07-1542, 2008 U.S. Dist. LEXIS 95426, at *1)).

[22] Plaintiffs do not dispute Defendant's evidence that 17901 Chenal Pkwy, Little Rock, AR, is the address of a Bank of the Ozarks location; moreover, the court may take judicial notice of a "geographical fact such as the location of buildings and businesses." *Dunkin' Donuts Franchised Restaurants, LLC v. Claudia I, LLC*, 998 F. Supp. 2d 383, 387, n.6 (E.D. Pa. 2014).

[23] *See Aadvark Event Logistics*, 2016 U.S. Dist. LEXIS 176425, at *7-8 (citing *Grand Ent't Grp. v. Star Media Sales*, 988 F.2d 476, 485 (3d Cir. 1993)) (finding service improper "in the absence of a representation that the individual served had actual authority or a direct or claimed relationship with the party to the suit from which authority could be inferred"); *Kuntz v. Aetna, Inc.*, No. 10-877, 2011 U.S. Dist. LEXIS 16445, at *10 (E.D. Pa. Feb. 18, 2011) (finding service improper when the complaint and summons were delivered via certified mail to a P.O. Box address used by ACS, the third party vendor of the defendant, Aetna, Inc.) and signed by an employee of the vendor "on behalf of ACS/Aetna").

[24] Reply (Doc. No. 27) at 7, n.4.

[25] *See Pearson*, 2012 U.S. Dist. LEXIS 11363, at *4 (finding service insufficient under Rule 403 when the plaintiffs failed to provide evidence that the mail recipient had authority "to act as an agent for purposes of accepting service of process—as opposed to accepting certified mail deliveries").

Removal, Plaintiffs' motion to remand for failure to comply with the consent requirement will be denied.[26]

An order follows.

---

[26] Insys has asserted that should the Court find that Dr. Ahmad was properly served as of October 10, 2017, the Notice of Removal was nonetheless proper because Insys exercised "reasonable diligence" in determining whether Dr. Ahmad had been served. Because the Court finds that service upon Dr. Ahmad was not proper, the Court need not address whether the "reasonable diligence" doctrine should apply in this case. *See Laurie v. Nat'l R.R. Passenger Corp.*, No. 01-6145, 2002 U.S. Dist. LEXIS 11838 (E.D. Pa. Mar. 13, 2001)).