IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AETNA INC. AND AETNA HEALTH
MANAGEMENT, LLC,
    *Plaintiffs,*

v.

INSYS THERAPEUTICS, INC., *et al.*,
    *Defendants.*

CIVIL ACTION NO. 17-4812

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                     **April 22, 2019**

MSI Corporation has moved to intervene as a named plaintiff in this lawsuit pursuant to Federal Rule of Civil Procedure 24. Plaintiffs Aetna Inc. and Aetna Health Management, LLC (collectively, "Aetna") and Defendant Insys Therapeutics, Inc. oppose MSI's intervention. For the reasons that follow, MSI's motion to intervene will be denied.

### I.     BACKGROUND

On September 18, 2017, Aetna filed suit in the Philadelphia Court of Common Pleas against Insys, its current and former executives, and several physicians, alleging that they defrauded Aetna into reimbursing them for off-label prescriptions of Subsys, a transmucosal immediate-release fentanyl ("TIRF") medication. Aetna's Complaint initially included claims of insurance fraud,[1] conspiracy to commit insurance fraud,[2] civil conspiracy, common law fraud, unjust enrichment, negligent misrepresentation, and negligence. The case was removed to this Court and Aetna's motion to remand was denied.[3]

---

[1] 18 Pa. C.S.A. § 4117(a)(2).

[2] 18 Pa. C.S.A. § 4117(a)(3).

[3] *See generally Aetna Inc. v. Insys Therapeutics, Inc.*, 284 F. Supp. 3d 582 (E.D. Pa. 2018).

Insys and three individual defendants then filed motions to dismiss, and several former executive defendants of Insys filed a motion to stay the civil proceedings against them pending the outcome of their criminal prosecution in the United States District Court for the District of Massachusetts regarding the same alleged facts that underpin this case. On August 24, 2018, this Court granted the executive defendants' motion to stay,[4] granted Insys' motion to dismiss with respect to claims of negligent misrepresentation and negligence, and dismissed three individual defendants from the case.[5] The Court then issued a scheduling order for the remaining parties, whose civil proceedings were not stayed,[6] setting forth discovery and dispositive motions deadlines.

On September 11, 2018, MSI, a Pennsylvania business corporation which allegedly purchases health-care coverage through Aetna for its employees and their dependents, filed the instant motion to intervene based on allegations that as an insured, it has incurred increased premiums, deductibles, and co-payments from Aetna due to Insys's alleged misconduct. MSI has attached a pleading to its motion, which is an identical copy of its class action complaint filed on August 21, 2018 in the United States District Court for the Western District of Pennsylvania,[7] where it is suing a number of opioid manufacturers and distributors, including Insys, for misrepresenting the risks posed by the manufactured and sold opioids, and in turn

---

[4] The former executives whose civil proceedings remain stayed are Michael L. Babich, Alec Burlakoff, Michael J. Gurry, and Richard Simon.

[5] *Aetna Inc. v. Insys Therapeutics, Inc.*, 324 F. Supp. 3d 541, 560 (E.D. Pa. 2018).

[6] The remaining active Defendants in the litigation are therefore Insys and Mahmood Ahmad, and John Does 1-10 (who have not yet been identified or served).

[7] *MSI Corp. v. Purdue Pharma L.P. et al.*, Civil Action No. 18-1109 (W.D. Pa.).

causing higher premiums, co-payments, and deductibles as a consequence of such alleged misconduct.[8]

## II. DISCUSSION

### A. Article III Standing

As a threshold matter, Aetna argues that MSI lacks Article III standing because of MSI's failure to allege any direct injury related to the litigation, and due to the applicability of the filed rate doctrine.

The Supreme Court recently held that "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing."[9] A prospective movant therefore must demonstrate (1) an injury in fact, (2) which is fairly traceable to the alleged conduct of the defendant, and (3) which is likely to be redressed by a favorable judicial decision.[10] Speculation cannot provide a basis for standing.[11] Rather, a movant must show that it "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent."[12]

It appears that MSI has proven Article III standing. MSI argues that it seeks injunctive relief and damages from Insys due to its higher premiums, deductibles, and co-payments, which it attributes to Insys's alleged misconduct in filing an excessive number of insurance claims. According to MSI, health-insurance premiums are uniform for an entire risk class, such that

---

[8] In the week leading up to MSI's filing of its motion to intervene, the Western District case was transferred to the opioid multidistrict litigation case pending in the United States District Court for the Northern District of Ohio ("Opiate MDL case"). *In re: Nat'l Prescription Opiate Litig.*, No. 17-md-2804 (N.D. Ohio).

[9] *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017).

[10] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted).

[11] *Finkelman v. Nat'l Football League*, 810 F.3d 187, 200 (3d Cir. 2016).

[12] *Spokeo*, 136 S. Ct. at 1548 (internal quotation marks and citation omitted).

"excessive claims experienced by some subscribers raise premiums for all."[13] Although this alleged injury may be indirect for purposes of standing, as Aetna argues, this characterization is "immaterial, as long as [the injury] is traceable to the defendant's unlawful acts."[14] As general applications of basic economic logic, such as price inflation, suffice to establish an injury in fact when based on well-pleaded facts, MSI's allegations against Insys establish Article III standing at this stage.[15]

Furthermore, although Aetna contends that MSI's claims are barred under the filed rate doctrine, as the insurance rates charged by Aetna are filed with and approved by the Pennsylvania Insurance Department, this doctrine is a defense to claims rather than a jurisdictional bar.[16] Aetna also mischaracterizes MSI's allegations against Insys regarding the rise of its insurance rates as an attack against Aetna for wrongfully setting its insurance rates.[17]

Finally, it is important to note that in a case preceding the Supreme Court's recent decision regarding Article III and intervention, the Third Circuit distinguished the standards required to prove the injury-in-fact element of Article III standing and the "sufficient interest in the litigation" element of Rule 24, although it declined to clarify the relationship between the two inquiries.[18] The fact that MSI appears to have established Article III standing therefore has no bearing on whether it has proven a sufficient interest in the litigation under Rule 24.

---

[13] Reply Mem. in Supp. of MSI's Mot. to Intervene [Doc. No. 64] at 2.

[14] *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 92 (3d Cir. 1992) (citations omitted).

[15] *Finkelman*, 801 F.3d at 201.

[16] *In re N.J. Title Ins. Litig.*, 683 F.3d 451, 459 n.3 (3d Cir. 2012) (citation omitted) ("It is well established that the filed rate doctrine can serve as a defense against both federal and state actions.").

[17] *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 763 (3d Cir. 2009) (citation omitted) ("The filed rate doctrine provides that a rate filed with and approved by a governing regulatory agency is unassailable in judicial proceedings brought by ratepayers.").

[18] *In re Grand Jury*, 111 F.3d 1066, 1071 n.8 (3d Cir. 1997).

### B. Compliance with the Procedural Requirements of Fed. R. Civ. P. 24(c)

Before turning to the merits of MSI's motion to intervene as of right or, in the alternative, to permissively intervene in this action, Insys raises a procedural issue under Federal Rule of Civil Procedure 24(c), arguing that MSI failed to submit an acceptable proposed pleading with its motion.

Rule 24(c) states that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[19] This provision is intended to ensure that parties receive advance notice of the claims that an intervenor plans to set forth if intervention is permitted.[20] Most courts in this Circuit have adhered to a technical reading of Rule 24(c), where failing to meet the procedural requirements may result in a denial of a movant's proposed intervention.[21] However, some courts in this Circuit have interpreted the Rule more liberally, permitting intervention when a movant has adequately provided notice to the existing parties of the basis and nature of the movant's claim.[22]

Although MSI does attach a pleading to its motion to intervene, this pleading is a copy of the Western District complaint, which asserts claims against Insys and other opioid manufacturers and distributors based on misrepresenting risks posed by opioids they manufactured and sold, and on the increase in private health insurance for Pennsylvania

---

[19] Fed. R. Civ. P. 24(c).

[20] *SEC v. Investors Sec. Leasing Corp.*, 610 F.2d 175, 178 (3d Cir. 1979).

[21] *See, e.g.*, *id.* at 178 ("Because the requirements of [R]ule 24(c) were not complied with, the owners were not proper parties in the district court."); *Montanez v. Beard*, No. 04-2569, 2015 WL 2451770, at *4 (M.D. Pa. May 21, 2015); *Surety Adm'rs, Inc. v. Samara*, No. 04-5177, 2006 WL 173790, at *3 (E.D. Pa. June 20, 2006); *Sch. Dist. of Phila. v. Pa. Milk Mktg. Bd.*, 160 F.R.D. 66, 67 (E.D. Pa. 1995).

[22] *Cmty. Vocational Sch. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, No. 09-1572, 2017 WL 1376298, at *3 (W.D. Pa. Apr. 17, 2017); *New Century Bank v. Open Solutions, Inc.*, No. 10-6537, 2011 WL 1666926, at *3 (E.D. Pa. May 2, 2011) (Bartle, J.); *Phila. Recycling & Transfer Station, Inc. v. City of Phila.*, No. 95-4597, 1995 WL 517644, at *3 (E.D. Pa. Aug. 29, 1995) (Bartle, J.).

purchasers as a direct and proximate consequence of the misconduct. The complaint only minimally references Insys's alleged misconduct,[23] and it is not clear how this complaint would be integrated into this litigation, or what damages MSI seeks here when it already has asserted claims in the Western District.[24] Since MSI has not sufficiently provided notice to the existing parties of the basis and nature of its claim in this Court, MSI's Western District complaint cannot properly be construed as a proposed pleading under Rule 24(c), and the motion to intervene will therefore be denied.

### C. Intervention as Matter of Right

Even if MSI were to correctly follow the procedural requirements of Rule 24(c), MSI has nonetheless failed to establish the requirements needed to intervene as a matter of right. A movant may intervene only if (1) the application for intervention is timely; (2) the movant has sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not so adequately represented by an existing party in the litigation.[25] A movant must prove each factor to properly intervene as of right.[26] Although MSI's motion may be considered timely,[27] and its interests may not be so

---

[23] Class Action Compl. & Demand for Jury Trial [Doc. No. 58-2] ¶¶ 162-64.

[24] MSI's Western District complaint includes claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), unjust enrichment, negligence, and civil conspiracy, *id.* ¶¶ 262-63, while MSI's motion suggests it is only bringing claims of "civil conspiracy, unjust enrichment, and civil conspiracy [sic]," and makes no mention of the other claims in the attached complaint. Mem. of Law in Supp. of Mot. to Intervene by MSI [Doc. No. 58-1] at 5. Further, it is difficult to discern from the motion whether MSI's interests are parallel to or separate from Aetna's interests, as MSI expresses that it seeks "the same fixed amount of damages from Defendants," but also provides that "the currently named plaintiffs do not adequately represent [MSI's] interests in this proceeding. *Id.* at 2.

[25] *Pennsylvania v. President U.S. of Am.*, 888 F.3d 52, 57 (3d Cir. 2018) (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998)).

[26] *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citation omitted).

[27] In determining whether an intervention motion is timely, a district court considers three factors: (1) the stage of the proceeding; (2) the prejudice a delay may cause to parties; and (3) the reason for the delay. *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) (citation omitted). "These three factors are necessarily bound up in one another," and are generally considered collectively as a single inquiry. *Wallach v. Eaton Corp.*, 837 F.3d 356, 371

adequately represented by the existing parties in the litigation,[28] the other two factors strongly favor denying the motion.

### 1. Sufficient Interest in the Litigation

MSI argues that it has a sufficient interest in the litigation because its financial injuries in higher insurance premiums, deductibles, and co-payments are related to Insys's misconduct alleged in the instant action, and were "passed through" Aetna. This argument, however, is too attenuated from the current litigation and solely regards a contingent economic interest, which is not enough to establish a sufficient interest.

---

(3d Cir. 2016) (citing *Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995)).

Based on the totality of circumstances of this litigation, MSI's motion to intervene may be construed as timely. *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir. 1994). The stage of the proceedings in this case is relatively early, as the question governing this inquiry is "what proceedings of substance on the merits have occurred," as opposed to simply "[t]he mere passage of time." *Mountain Top Condo. Ass'n*, 72 F.3d at 369. Although several parties participated in dispositive motions to dismiss, which had already been resolved before MSI filed its motion on September 11, 2018, only a few weeks passed from the time of the Court's resolution of these motions, until MSI filed its motion. The civil proceedings also had only been recently stayed as to several executive defendants, and Insys had not yet filed its answer by the time MSI moved to intervene. Answer to Compl. by Insys [Doc. No. 59]. Additionally, the remaining parties were only two weeks into fact discovery. Scheduling Order [Doc. No. 56]; *cf. Wallach*, 837 F.3d at 375 (internal citations omitted) ("[T]he litigants here had briefed (and resolved a dispositive motion to dismiss, undertaken 'extensive fact discovery,' briefed to certify the class, and submitted expert reports and depositions before the motions to intervene were filed . . . ."). Lastly, MSI states that it was unaware of this lawsuit until the *Legal Intelligencer* published an article on August 28, 2018, about this Court's ruling on the motions to dismiss, and moved to intervene soon thereafter. Reply Mem. in Supp. of MSI's Mot. to Intervene [Doc. No. 64] at 6; *see Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 950 (3d Cir. 2012) (citation omitted) ("The delay should be measured from the time the proposed intervenor knows or should have known of the alleged risks to his or her rights or the purported representative's shortcomings.").

[28] As previously mentioned, it is unclear whether MSI's interests are adequately represented by Aetna, as MSI expresses that it seeks "the same fixed amount of damages from Defendants," but also provides that "the currently named plaintiffs do not adequately represent [MSI's] interests in this proceeding. Mem. of Law in Supp. of Mot. to Intervene by MSI [Doc. No. 58-1] at 2. However, the damages that it seeks based on the Western District complaint appear distinct from the damages based on alleged violations of Aetna's payment policies, as MSI requests: "(1) overpayment for ineffective drugs, and (2) massive healthcare costs associated with opioid addiction" passed onto MSI and class members. Class Action Compl. & Demand for Jury Trial [Doc. No. 58-2] ¶ 292. Thus, assuming that MSI is seeking separate damages, it has likely survived the "minimal burden" of showing that the representation of its interests are inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *see also Mountain Top Condo. Ass'n*, 72 F.3d at 368 (citations omitted) ("If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented.").

Proving a sufficient interest in the underlying litigation requires a movant to show a "[significantly protectable] legal interest as distinguished from interests of a general and indefinite character. The [movant] must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene."[29] An incidental interest in the outcome of the litigation, such as a "mere economic interest," will not suffice to warrant intervention.[30] Additionally, a movant generally will not be entitled to intervene simply because "a lawsuit may impede [that movant]'s ability to recover in a separate suit."[31]

Although MSI's claims are facially related to the claims Aetna brings against Insys for insurance fraud, civil conspiracy, common law fraud, and unjust enrichment, MSI's relationship to the litigation is inherently indirect and of indefinite measure.[32] Unlike Aetna, MSI does not allege that it was defrauded into reimbursing Insys for off-label prescriptions of Subsys, but rather that it bore indirect costs of this allegedly fraudulent behavior by enduring higher insurance rates. Moreover, MSI's claims against Insys are already pending in its Western District class action case regarding alleged opioid product misrepresentations and indirect financial consequences to insurance rates. Any financial interest it has in Aetna's lawsuit is thus

---

[29] *Treesdale*, 419 F.3d at 220 (citing *Mountain Top Condo. Ass'n*, 72 F.3d at 366).

[30] *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987) ("To intervene as of right as a party to the litigation . . . the [movant] must do more than show that his or her interests may be affected in some incidental manner."); *Alcan Aluminum, Inc.*, 25 F.3d at 1185; *see also Beattie ex rel. A.B. v. Line Mountain Sch. Dist.*, No. 13-2655, 2013 WL 6095488, at *2 (M.D. Pa. Nov. 20, 2013) ("[N]on-property interests, including even indirect economic interests, are often not sufficient to satisfy the interest requirement."); *but see Mountain Top Condo. Ass'n*, 72 F.3d at 366 (citations omitted) ("While a mere economic interest may be insufficient to support the right to intervene, an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund.").

[31] *Mountain Top Condo. Ass'n*, 72 F.3d at 366.

[32] *See Benjamin ex rel. Yock*, 701 F.3d at 951 (internal quotation marks and citation omitted) ("The polestar for intervention is whether the proposed intervenor's interest is direct or remote.").

indirect and merely contingent upon a judgment in favor of Aetna,[33] which does not suffice for purposes of entitling MSI to intervention as a matter of right.

### 2. Disposition's Effect on MSI's Interest

As MSI's interest in this litigation is determined to be insufficient, the Court need not consider whether that insufficient interest will be affected or impaired by the disposition of the lawsuit.[34] However, even assuming *arguendo* that MSI has stated a sufficient interest, the disposition of this litigation in its absence will not impair MSI from being able to fully continue to pursue its claims against Insys in its other pending class action lawsuit.

"[P]roposed [movant]s must also demonstrate that their interest *might* become affected or impaired, as a practical matter, by the disposition of the action in their absence."[35] There must be a "tangible threat to a legally cognizable interest," as opposed to an incidental effect on the movant's claim.[36] The Third Circuit also has affirmed a district court's holding that a movant's interest remains unharmed when the movant is free to bring claims in a separate action.[37]

MSI has not established any basis for the Court to find that it may face any harm from the disposition of this case, or that the claims it seeks against Insys in its class action lawsuit will be

---

[33] *See Treesdale*, 419 F.3d at 224 (citing *Liberty Mut. Ins. Co. v. Pacific Indem. Co.*, 76 F.R.D. 656, 658 (W.D. Pa. 1977)) ("[A]n interest contingent upon a favorable result in an associated lawsuit is not an interest sufficient to require intervention under Rule 24(a).").

[34] *See, e.g.*, *Pernsley*, 820 F.2d at 603 ("Given our conclusion that the [movant] does not have a sufficient interest to intervene of right as a party in this action, it is not necessary to review the correctness of the district court's determinations that the [movant] did not meet the other requirements of the intervention rule.").

[35] *Mountain Top Condo. Ass'n*, 72 F.3d at 368 (citation omitted).

[36] *Pernsley*, 820 F.2d at 601. This factor may be satisfied if there is a determination that the movant's "absence will have a significant stare decisis effect on [his or her] claims, or if the [movant's] rights may be affected by a proposed remedy." *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992).

[37] *See Hering v. Walgreens Boots Alliance, Inc.*, 341 F. Supp.3d 412, 419 (M.D. Pa. 2018) (citing *Applebaum v. State Farm Mut. Auto Ins. Co.*, 109 F.R.D. 661, 665 (M.D. Pa. 1986), *aff'd*, 806 F.2d 251 (3d Cir. 1986)) (noting that the interests a movant would protect, if allowed to intervene, were the same interests he or she could protect in a separate lawsuit); *but see Brody*, 957 F.2d at 1123 ("An applicant need not . . . prove that he or she would be barred from bringing a later action or that intervention constitutes the only possible avenue of relief.").

impaired. Instead, MSI provides only a bare and speculative assertion that "any equitable relief or judgment ordered by this Court could impact or impair [MSI]'s rights or those of any members of any class they may represent in [the Western District case].[38] MSI also does not establish how a judgment in favor of Aetna would prevent it from being able to fully recover in its separate class action lawsuit if successful; rather, it merely states that "Aetna's disincentive to disaggregate its damages means that Aetna could retain money rightly owed to MSI."[39] This disconnect as to whether Aetna's requested damages have any bearing on MSI's requested damages in its other lawsuit, even when assuming that MSI has some interest in this litigation, demonstrates MSI's failure to establish that it may face any impairment by the disposition of this litigation in its absence.

### D. Permissive Intervention

A denial of intervention as a matter of right does not automatically preclude permissive intervention.[40] A movant may timely intervene under Rule 24(b) at the district court's discretion if a common question of law or fact underlies the movant's claim and the main action.[41] "In exercising its discretion, the [district court] must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[42] Permissive intervention that adds little value to the proceedings and only serves to cause undue delay to original parties is considered to be unwarranted.[43]

---

[38] Mem. of Law in Supp. of Mot. to Intervene by MSI [Doc. No. 58-1] at 7.

[39] Reply Mem. in Supp. of MSI's Mot. to Intervene [Doc. No. 64] at 7.

[40] *Hoots v. Commonwealth of Pa.*, 672 F.2d 1136 (3d Cir. 1982) (citation omitted).

[41] Fed. R. Civ. P. 24(b)(1)(B); *United States v. Terr. of Virgin Islands*, 748 F.3d 514, 524 (3d Cir. 2014).

[42] Fed. R. Civ. P. 24(b)(3).

[43] *See Kleissler*, 157 F.3d at 970 (advising against intervention where "the focus of the litigation would be unduly dissipated or case management would become exceptionally complex").

Even though MSI argues that it possesses claims and defenses in line with Aetna in this action, as it purchases Aetna's policies,[44] the indirect relationship between MSI's claims and Aetna's claims invokes an unnecessary complexity to this litigation, and far outweighs any advantage to allow intervention.[45] The discovery process, for instance, could become extensively delayed as parties closely examine the issue unrelated to this case, of how insurance costs are determined and passed onto its insureds. Furthermore, permitting intervention may have the resultant effect of prejudicing the original parties' rights from litigating and ultimately resolving this case.[46] Finally, as mentioned, MSI has already brought its claims in a separate class action lawsuit against Insys and a number of opioid manufacturers and distributors. It is therefore unnecessary to permit MSI to intervene, as doing so would only further delay and add little value to the proceedings.[47]

### III. CONCLUSION

For the foregoing reasons, MSI's motion to intervene as a matter of right or, in the alternative, to permissively intervene in this action, will be denied. An order follows.

---

[44] Reply Mem. in Supp. of MSI's Mot. to Intervene [Doc. No. 64] at 8.

[45] *See* 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (3d ed. 2017) ("[T]he court . . . may deny intervention if the complicating effect of the additional issues outweighs any advantage of a single disposition of the common issue.").

[46] *See Brennan v. Cmty. Bank, N.A.*, 314 F.R.D. 541, 547 (M.D. Pa. 2016) ("Granting intervention in this case will add additional unnecessary complexities that would prolong and delay the resolution of this case.").

[47] *Cf. Jansen v. Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990) ("[T]he original parties' interests are better served by having *all* relevant interests represented . . . because piecemeal litigation is likely to be avoided.").